NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MEMORYWEB, LLC,**
*Appellant*

**v.**

**SAMSUNG ELECTRONICS CO., LTD.,**
*Appellee*

---

2024-1315, 2024-1316

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2022-00221, IPR2022-00222.

---

Decided: December 5, 2025

---

JENNIFER HAYES, Nixon Peabody LLP, Los Angeles, CA, argued for appellant. Also represented by ANGELO CHRISTOPHER, DANIEL J. SCHWARTZ, MATTHEW A. WERBER, Chicago, IL.

CHRISTOPHER DRYER, Fish & Richardson PC, Washington, DC, argued for appellee. Also represented by LAUREN ANN DEGNAN, IRENE HWANG, MICHAEL J. MCKEON; TIMOTHY RAWSON, San Diego, CA.

---

Before TARANTO, SCHALL, and STARK, *Circuit Judges*.

TARANTO, *Circuit Judge*.

MemoryWeb, LLC, owns U.S. Patent Nos. 10,423,658 and 10,621,228, both relating to methods for organizing and displaying digital imagery. Samsung Electronics Co., Ltd., successfully petitioned the Patent Trial and Appeal Board (Board) to institute two inter partes reviews (IPRs) of those patents and the Board held unpatentable various claims of each. MemoryWeb appeals, but its appeal has become moot because (a) as to many patent claims presented in this appeal, it failed to appeal unfavorable patentability determinations in other IPR decisions that are now final and (b) as to all other patent claims presented in this appeal, we today affirm their unpatentability in a companion appeal. We therefore dismiss in part and vacate in part.

I

In these consolidated appeals, MemoryWeb challenges the Board's determination, in two final written decisions in a pair of Samsung-requested IPRs, that claims 1–13 of the '658 patent and claims 1–17 of the '228 patent are unpatentable for obviousness. *See Samsung Electronics Co. v. MemoryWeb, LLC*, No. IPR2022-00221, 2023 WL 5166827 (P.T.A.B. July 31, 2023) (reviewing '658 patent), J.A. 105–187; *Samsung Electronics Co. v. MemoryWeb, LLC*, No. IPR2022-00222 (P.T.A.B. Dec. 8, 2023) (reviewing '228 patent), J.A. 9–104. The Board also held all those claims unpatentable in final written decisions in a second, contemporaneous pair of IPRs requested by Apple Inc. MemoryWeb appealed the decisions in the Apple-requested IPRs; those appeals (consolidated with others) were heard by the present panel in tandem with the present appeals; and in the appeals from the Apple-requested IPRs, we today affirm the unpatentability decisions as to the only claims of the '228 and '658 patents MemoryWeb appealed there, namely, claim 15 of the '228 patent and claims 3–4

and 8–12 of the ’658 patent. *See Apple Inc. v. MemoryWeb, LLC*, No. 23-2361, slip op. 20–32 (Fed. Cir. Dec. 5, 2025) (*Apple v. MemoryWeb*).

II

The present appeal has become moot in two ways. First, MemoryWeb failed to brief any challenge, in *Apple v. MemoryWeb*, to the Board’s holdings of unpatentability concerning claims 1–2, 5–7, and 13 of the ’658 patent and claims 1–14 and 16–17 of the ’228 patent. Consequently, those determinations have become final and unreviewable, depriving MemoryWeb of an interest in reversal of the corresponding holdings on review in the present appeals. *See Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1275 (Fed. Cir. 1999) (holding that a party’s choice not to appeal an issue “preclud[es] further consideration of the issue”); *see also Salazar v. Buono*, 559 U.S. 700, 711–12 (2010) (observing that failure to seek review rendered a judgment “final and unreviewable”) (plurality opinion). MemoryWeb conceded at the *Apple v. MemoryWeb* oral argument that those claims were no longer live. *See* No. 23-2361, Oral Arg. 23:54–24:55, https://www.cafc.uscourts.gov/oral-arguments/23-2361_11032025.mp3.

Second, our affirmance today in *Apple* of the unpatentability of the ’658 patent’s claims 3–4 and 8–12 and the ’228 patent’s claim 15 moots MemoryWeb’s appeal as to those claims. *See Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1321 (Fed. Cir. 2020) (holding that the separate affirmance of ineligibility of certain claims rendered the issue of obviousness of those same claims moot). MemoryWeb agreed at oral argument that affirmance in *Apple* would moot the remaining issues in this appeal. Oral Arg. 0:43–1:25, https://www.cafc.uscourts.gov/oral-arguments/24-1315_11032025.mp3.

MemoryWeb also requested that we at least vacate the relevant portions of the Board’s decisions. *Id.* The “principal condition” in determining whether the equitable

remedy of vacatur is not warranted when a case becomes moot "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24 (1994) (discussing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950)). "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness to be forced to acquiesce in the judgment." *Id.* at 25. But where a party "voluntarily forfeited his legal remedy by the ordinary process[ ] of appeal" he has "surrender[ed] his claim to the equitable remedy of vacatur." *Id.*; *see Munsingwear*, 340 U.S. at 39.

The circumstances giving rise to mootness in this case counsel different results under *Bancorp* for the relevant claims. The voluntary and unilateral decision by MemoryWeb to not brief a challenge in *Apple* relevant to claims 1–2, 5–7, and 13 of the '658 patent and claims 1–14 and 16–17 of the '228 patent makes vacatur inappropriate—to hold otherwise would risk enabling the use of vacatur "as a refined form of collateral attack" warned against by the Supreme Court in *Bancorp*. 513 U.S. at 27; *see id.* at 25–28; *Munsingwear*, 340 U.S. at 39. Accordingly, as to those claims, we do not disturb the Board's decisions, and we dismiss this appeal as moot.

For claims 3–4 and 8–12 of the '658 patent and claim 15 of the '228 patent, vacatur is warranted. While it is not quite "happenstance" that MemoryWeb brought and lost a different appeal, neither does this situation present the same risk of litigation gamesmanship that can justify deviating from the "established practice" of vacating the decisions under review when an appeal becomes moot. *See Munsingwear*, 340 U.S. at 39–40. Further, partial vacatur is appropriate. The Supreme Court, in a case where a party sought review of only one aspect of a lower court decision and the case then became moot, saw fit to vacate "the part of the . . . opinion that decided the [appealed] issue." *See*

*Camreta v. Greene*, 563 U.S. 692, 698 (2011). We have done similarly, in a case like this one, where our affirmance of the Board in a different appeal mooted the issue of unpatentability of several claims. *See Voip-Pal*, 976 F.3d at 1320–21. In the present case, we see no need, in order to avoid improper collateral effects (about which MemoryWeb voiced concern), to go further and order the Board to dismiss the petitions insofar as they challenged claims 3–4 and 8–12 of the ’658 patent and claim 15 of the ’228 patent.

## III

For the foregoing reasons, we dismiss the appeal from the Board’s final written decisions as to claims 1–2, 5–7, and 13 of the ’658 patent and claims 1–14 and 16–17 of the ’228 patent. We vacate the Board’s decisions that claims 3–4 and 8–12 of the ’658 patent and claim 15 of the ’228 patent are unpatentable.

The parties shall bear their own costs.

**DISMISSED IN PART AND VACATED IN PART**